COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


STEVEN B. McCLELLAN
                                        MEMORANDUM OPINION[*]
v.    Record No. 1174-98-3                  PER CURIAM
                                         OCTOBER 20, 1998
H. L. YOH COMPANY AND INSURANCE COMPANY
 OF THE STATE OF PENNSYLVANIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (A. Thomas Lane, Jr., on brief), for
          appellant.

          (P. Dawn Bishop; Sands, Anderson, Marks &
          Miller, on brief), for appellees.

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Steven B. McClellan ("claimant") contends that the Workers' Compensation Commission ("commission") erred in finding that he was the loaned employee of Life Sciences International ("Life Sciences") at the time of his September 13, 1996 industrial injury. Pursuant to Rule 5A:21(b), H.L. Yoh and its insurer (hereinafter referred to as "Yoh") raise the additional question of whether the commission erred in finding that claimant provided adequate notice of his accident to Yoh as required by Code § 65.2-600. Upon reviewing the record and the briefs of the parties, we find that claimant's appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence was sufficient to sustain his burden of proof, the commission's findings of fact are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In Ideal Steam Laundry v. Williams, 153 Va. 176, 149 S.E. 479 (1929), the Supreme Court recognized that
"[a] servant may be transferred from his service for one master--who may have made the

---

[1]We decline to address the notice issue raised by Yoh, because our affirmance of the commission's decision on the "loaned employee" issue is dispositive of this case.

- 1 -

> express contract for employment of the
> servant and may pay the latter his wages and
> be his general master--to the service of
> another person other than his general master;
> in which case . . . (2) the special servant
> must look to the special master for his
> indemnity, if he is injured, while the
> stipulated work is in progress, by dangerous
> conditions resulting from the special
> master's failure to fulfill one of those
> duties which the law imposes upon the masters
> for the benefit and protection of their
> servants."

Id. at 180-81, 149 S.E. at 481 (citation omitted).

"For an employee to be a loaned-employee, the borrowing employer must (1) acquire the right to control and direct the employee, and (2) the employee must indicate, whether expressly or impliedly, consent to becoming the employee of the borrowing employer." Marshall Erdman & Associates v. Loehr, 24 Va. App. 670, 677, 485 S.E.2d 145, 148 (1997).

In refusing to impose liability upon Yoh for claimant's September 13, 1996 industrial injury, the commission made the following factual findings:

> H.L. Yoh selected and hired the claimant,
> paid him, deducted taxes and social security,
> and had the power to dismiss him under
> certain circumstances. H.L. Yoh controlled
> when, and where to send the claimant to work
> as an engineer and for whom claimant would be
> working. Insofar as the day-to-day work was
> concerned, however, H.L. Yoh had no control
> over how the claimant did his work, what
> particular assignments he was to do, what
> shift he would be working, his times of
> arrival and departure, what protective
> equipment claimant was to wear or any of the
> host of particular matters which arose on the
> jobsite. H.L. Yoh had no trailer on the site
> and maintained no presence at the site. How
> the claimant performed his work on the site

was entirely directed by his supervisor Tom
Edwards of Life Sciences.

The commission's factual findings are amply supported by the record.  The evidence proved that although Yoh hired and paid claimant, Life Sciences exercised complete control over the manner in which claimant performed his day-to-day work.  In addition, the evidence established that claimant impliedly or expressly consented to his employment with Life Sciences and promptly reported his accident to Life Sciences.

Based upon this record, we cannot find that claimant's evidence proved as a matter of law that Yoh was his "employer" at the time of his accident for purposes of awarding workers' compensation benefits.

For these reasons, we affirm the commission's decision.

Affirmed.